Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh A. Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
David L. Fleck (State Bar No. 192912)
  *david.fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants
COUNTY OF SAN BERNARDINO,
SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT, and
SHERIFF SHANNON D. DICUS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ADAM PRESTON ADAMS, by and through successor in interest, Jennifer Quintero; JENNIFER QUINTERO, individually, | Case No. 5:24-cv-01447-KK-(SHKx) Assigned to Hon. Kenly Kiya Kato Magistrate Shashi H. Kewlaramani |
| Plaintiff, | |
| v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| COUNTY OF SAN BERNARDINO, a public entity; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, a public entity; SHERIFF SHANNON D. DICUS, an individual; and DOES 1 through 10, inclusive, | [*Filed concurrently with Declaration of David L. Fleck and (Proposed) Order*] |
| | Date:        November 14, 2024 |
| | Time:        9:30 AM |
| | Courtroom:  3 |
| Defendants. | |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 14, 2024, at 9:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Kenly Kiya Kato, located in the United States Courthouse, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501, Defendants County of San Bernardino ("COSB"), San Bernardino County Sheriff's Department ("SBSD"), and Sheriff Shannon D. Dicus ("Sheriff Dicus") (collectively, "County Defendants") will and hereby do move this Honorable Court to Dismiss Plaintiff's Complaint ("Complaint"), without leave to amend.

This Motion is made pursuant to Federal Rules of Civil Procedure 7, 11, and 12, and United States District Court, Central District of California Local Rule 7-3, as well as the applicable Orders of the Court, as follows:

1.    Jennifer Quintero brought Claims Nos. 1-2, 4-6, and 8-10 in her capacity as "successor in interest," but she did not file a sworn affidavit as required by Cal. Civ. Proc. Code § 377.32;

2.    All Claims against Sheriff Dicus (Claims Nos. 6-10) allege actions made in his official capacity and are therefore duplicative of and redundant to the claims against COSB;

3.    All Claims against SBSD (Claims Nos. 4-5, 7-10) are also duplicative and redundant because SBSD is a department of COSB;

4.    Plaintiff's Fifth Claim for Municipal Liability for Unconstitutional Policies, Customs, and Practices pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendants COSB and SBSD, fails to state a claim upon which relief can be granted;

5.    Plaintiff's Fifth Claim for Municipal Liability for Failure to Train pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendants COSB and SBSD, fails to state a claim upon which relief can be granted;

6.    Plaintiff's Sixth Claim for Supervisory Liability, as to Defendant Sheriff

MANNING | KASS

1   Shannon, fails to state a claim upon which relief can be granted;

2        7.    Plaintiff's Seventh Claim for Wrongful Death, as to all County

3   Defendants, fails to state a claim upon which relief can be granted;

4        8.    Plaintiff's Eighth Claim for Medical Malpractice, as to all County

5   Defendants fails to state a claim upon which relief can be granted;

6        9.    Plaintiff's Ninth Claim for Failure to Summon Medical Care pursuant to

7   Cal. Gov't Code § 845.6 (including wrongful death) as to all County Defendants fails

8   to state a claim upon  which relief can be granted;

9        10.    Plaintiff's Tenth Claim for Violation of the Bane Act pursuant to Cal.

10  Civ. Code §§ 52 and 52.1, as to all County Defendants, fails to state a claim upon

11  which relief can be granted;

12       This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and

13  is based on this Notice of Motion, the attached Memorandum of Points and

14  Authorities, the Declaration of David L. Fleck filed concurrently herewith, all of the

15  pleadings, files, and records in this proceeding, all other matters of which the Court

16  may take judicial notice, and any argument or evidence that may be presented to or

17  considered by the Court prior to its ruling.

18       **NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE**

19       This motion is made after the parties attempted resolution by conference of

20  counsel which was conducted pursuant to United States District Court, Central

21  District of California Local Rule ("L.R.") 7-3. Prior to filing this motion,

22  Defendant's counsel provided Plaintiff's counsel with a detailed meet and confer

23  letter by email on October 2, 2024, setting forth Defendants' position as to the issues

24  and deficiencies in Plaintiffs' Complaint. On October 7, 2024, the parties met and

25  conferred by video conference and discussed all issues raised in Defendants' meet

26  / / /

27  / / /

28  / / /

Case No. 5:24-cv-01447-KK-(SHKx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

MANNING | KASS

1   and confer letter. (Declaration of David L. Fleck, ¶¶ 4-5.) However, the parties were

2   unable to resolve the issues in dispute; as such, resolution by this Honorable Court

3   via the instant motion has become necessary.

4

5   DATED:  October 15, 2024          **MANNING & KASS**

6                                      **ELLROD, RAMIREZ, TRESTER LLP**

7

8                              By: _____/s/ David L. Fleck_____

9                                      Eugene P. Ramirez

10                                     Kayleigh A. Andersen

11                                     David L. Fleck

                                       Attorneys for Defendants,

12                                     COUNTY OF SAN BERNARDINO,

                                       SAN BERNARDINO COUNTY

13                                     SHERIFF'S DEPARTMENT, and

14                                     SHERIFF SHANNON D. DICUS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

# **TABLE OF CONTENTS**

NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE .......................... 3

TABLE OF CONTENTS ................................................................................ 1

TABLE OF AUTHORITIES ............................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 3

I. INTRODUCTION ...................................................................................... 3

II. PROCEDURAL POSTURE ........................................................................ 3

III. PLAINTIFFS' FACTUAL ALLEGATIONS ................................................... 4

IV. STANDARD FOR MOTION TO DISMISS ................................................... 4

V. LEGAL ARGUMENT ................................................................................ 6

    A.    Plaintiff Failed to File a Sworn Affidavit as Required by Cal. Civ. Proc. Code § 377.32. .......................................................................................... 6

    B.    The Court Should Dismiss Sheriff Shannon Dicus as Duplicative and Redundant Because All Allegations Against Him are in his Official Capacity. ..... 7

    C.    The Court Should Dismiss the Duplicative and Redundant Claims Against the San Bernardino Sheriff's Department Because It Is a Department of the County of San Bernardino. .......................................................................... 8

    D.    The Fourth Claim Fails to Plausibly Allege *Monell* Liability Under a Theory of Unconstitutional Policies, Customs and Practices. ......................... 8

    E.    The Fifth Claim Fails to Plausibly Allege *Monell* Liability Under a Failure to Train Theory. ........................................................................................ 11

    G.    Plaintiff's 7th Claim for Wrongful Death and 8th Claim for Medical Malpractice Fail To State Claims Upon Which Relief Can Be Granted. .............. 12

    H.    Plaintiff's 9th Claim for Failure To Summon Medical Care Pursuant To Cal. Gov. Code § 845.6 Fails To State A Claim Upon Which Relief Can Be Granted. 14

    I.    Plaintiffs' Claim for a Violation of the Bane Act Fails to State a Claim Upon Which Relief Can Be Granted. ............................................................. 15

VI. CONCLUSION ...................................................................................... 16

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3    *Ashcroft v. Iqbal*
          556 U.S. 662 (2009)......................................................................................5

4

5    *Bell Atlantic Corp. v. Twombly*
          555 U.S. 544 (2007)......................................................................................5

6    *Chaset v. Fleer/Skybox Int'l*
          300 F.3d 1083 (9th Cir. 2002) ....................................................................6

7

8    *Doe v. United States*
          58 F.3d 494 (9th Cir. 1995) .........................................................................6

9    *Gompper v. VISX, Inc.*
          298 F.3d 893 (9th Cir. 2002) .......................................................................6

10

11   *In re Gilead Scic. Sec. Litig.*
          536 F.3d 1049 (9th Cir. 2008) .....................................................................5

12   *Johnson v. Riverside Healthcare Sys.*
          534 F.3d 1116 (9th Cir. 2008) .....................................................................4

13

14   *Lopez v. Smith*
          203 F.3d 1122 (9th Cir. 2000) .....................................................................5

15   *Machul v. City of Long Beach*
          2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February 20, 2015)...........5, 6

16

17   *Marceau v. Blackfeet Hous. Auth.*
          540 F.3d 916 (9th Cir. 2008) .......................................................................4

18   *Navarro v. Block*
          250 F.3d 729 (9th Cir. 2001) .......................................................................4

19

20   *Sprewell v. Golden State Warriors*
          266 F.3d 979 (9th Cir. 2001) .......................................................................5

21   *Vignolo v. Miller*
          120 F.3d 1075 (9th Cir. 1999) .....................................................................4

22

**Statutes**

23   42 U.S.C. § 1983..............................................................................................3

24   **Rules**

25   Fed. R. Civ. P. 12(b)(6) ................................................................................4, 5

26

27

28

MK MANNING | KASS

Case No. 5:24-cv-01447-KK-(SHKx)
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jennifer Quintero, both individually and in her capacity as successor in interest to the Estate of Adam Preston Adams, filed a Complaint on July 11, 2024, alleging the following Claims:

1. Against Defendants County of San Bernardino ("COSB") and San Bernardino County Sheriff's Department ("SBSD"): 4th Claim – Municipal Liability for Unlawful Policies, Customs and Practice pursuant to 42 U.S.C. § 1983; 5th Claim – Municipal Liability for Failure to Train pursuant to 42 U.S.C. § 1983;

2. Against Sheriff Shannon D. Dicus ("Sheriff Dicus"): 6th Claim – Supervisory Liability pursuant to 42 U.S.C. § 1983;

3. Against all three County Defendants (COSB, SBSD, and Sheriff Dicus): 7th Claim for Negligence – Wrongful Death; 8th Claim for Negligence – Medical Malpractice; 9th Claim for Failure to Summon Medical Care Pursuant to Cal. Gov't Code § 845.6 (including wrongful death); and 10th Claim for Violation of the Bane Act §§ 52 and 52.1.

However, as to Claims 4-10, the Plaintiff failed to state a claim upon which relief can be granted. Further, all Claims against SBSD (4-5, 7-10), which is a department of COSB, and against Sheriff Dicus (6-10), in his official capacity, are duplicative of and redundant to the Claims against COSB and should be dismissed. Lastly, all Claims brought by the Plaintiff in her capacity as successor in interest (1-2, 4-6, and 8-10 ) must be dismissed because she failed file a sworn affidavit as required by Cal. Civ. Proc. Code § 377.32.

Accordingly, the County Defendants request that Claims 4-10 in Plaintiff's Complaint, which are improperly pleaded, be dismissed without leave to amend as they cannot be cured through amendment.

## II. PROCEDURAL POSTURE

On July 11, 2024, Plaintiff filed this Complaint (Dkt. 1) against County of

3

1   San Bernardino ("COSB"), San Bernardino County Sheriff's Department ("SBSD"),

2   and Sheriff Shannon D. Dicus ("Sheriff Dicus") (collectively, "County

3   Defendants").

4        On October 7, 2024, the Parties met and conferred via videoconference

5   regarding the County Defendants' bases for this Motion to Dismiss ("Motion").

6   ### III.    PLAINTIFF'S FACTUAL ALLEGATIONS

7        The Complaint alleges that on or about May 11, 2023, Adam Preston Adams

8   ("Mr. Adams") was taken into custody by the San Bernardino Sheriff. It then alleges

9   that on May 21, 2023, Mr. Adams was beaten to death by his cellmate, Marco

10  Antonio Lopez-Hernandez ("Defendant Lopez-Hernandez") (p. 7, ¶ 25-26).

11       In the allegations related to the Fourth Claim, the Complaint further alleges

12  there were six other in-custody deaths by inmate violence from 2018 through 2023

13  (p. 17, ¶ 12-21).

14       All other allegations in the Complaint are either formulaic recitations of the

15  elements of the Claims or implausible inferences drawn from the deaths of Mr.

16  Adams and the others.

17  ### IV.    STANDARD FOR MOTION TO DISMISS

18       Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed

19  because of the plaintiff's "failure to state a claim upon which relief can be granted."

20  Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack

21  of a cognizable legal theory or on the absence of sufficient facts alleged under a

22  cognizable legal theory. *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121

23  (9th Cir. 2008); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

24       In reviewing a complaint under Rule 12(b)(6), all allegations of material fact

25  are taken as true and construed in the light most favorable to the non-moving party.

26  *Marceau v. Blackfeet Hous. Auth.,* 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v.*

27  *Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). But the Court is *not* required "to accept

28  as true allegations that are merely conclusory, unwarranted deductions of fact, or

4

Case No. 5:24-cv-01447-KK-(SHKx)

MANNING | KASS

1    unreasonable inferences." *In re Gilead Scic. Sec. Litig.*, 536 F.3d 1049, 1056-1057

2    (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

3    As the Supreme Court has explained:

4         While a complaint attacked by a Rule 12(b)(6) motion to
         dismiss does not need detailed factual allegations, a
5         plaintiff's obligation to provide the 'grounds' of his
         'entitlement to relief' requires more than labels and
6         conclusions, and a formulaic recitation of the elements of a
         Claim will not do.  Factual allegations must be enough to
7         raise a right to relief *above the speculative level*, on the
         assumption that all the allegations in the complaint are true
8         (even if doubtful in fact).

9

10   *Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (emphasis added).  Thus,

11   to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual

12   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'

13   [Citation.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

14   plausibility when the plaintiff pleads factual content that allows the court to draw the

15   reasonable inference that the defendant is liable for the misconduct alleged.

16   [Citation.]"  *Id.*  "The plausibility standard is not akin to a 'probability requirement,'

17   but it asks for more than a sheer possibility that a defendant has acted unlawfully."

18   *Id.*  "[W]here the well pleaded facts do not permit the court to infer more than the

19   mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],'

20   'that the pleader is entitled to relief.'  [Citation.]"  *Id.* at 679.

21        If the court finds that a complaint should be dismissed for failure to state a

22   claim, the Court has discretion to dismiss the complaint with *or* without leave to

23   amend.  *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-31 (9th Cir. 2000); *accord*

24   *Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February

25   20, 2015).  Leave to amend should be granted if it appears plausible that the defects

26   in the complaint could be corrected.  Thus, if a Rule 12(b)(6) motion to dismiss is

27   granted, "[the] district court should grant leave to amend even if no request to amend

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

MANNING|KASS

1   the pleading was made, unless it determines that the pleading could not possibly be

2   cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th

3   Cir. 1995). However, if after careful review it becomes clear that a complaint cannot

4   be cured by amendment, the court may dismiss the complaint without leave to amend.

5   *See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *Machul,*

6   2015 U.S. Dist. LEXIS 52472 at *6. In other words, leave to amend need not be

7   granted when amendment would be futile. *Gompper v. VISX, Inc.,* 298 F.3d 893, 898

8   (9th Cir. 2002).

9                               **V.    LEGAL ARGUMENT**

10  **A.    Plaintiff Failed to File a Sworn Affidavit as Required by Cal. Civ. Proc.**

11         **Code § 377.32.**

12         In Claims Nos. 1-2, 4-6, and 8-10, Plaintiff attempts to assert claims as the

13  "successor in interest" to the Estate of Adam Preston Adams. However, under

14  California law, "[a claim] that survives the death of the person entitled to commence

15  an action or proceeding passes to the decedent's successor in interest, and an action

16  may be commenced by the decedent's personal representative or, if none, by the

17  decedent's successor in interest." (Cal. Civ. Proc. Code § 377.30).

18         To properly bring such claims, an individual claiming to be the successor in

19  interest must file a sworn affidavit that provides the information required by statute.

20  (Cal. Civ. Proc. Code § 377.32). In this case, Plaintiff claims to bring certain Claims

21  as Mr. Adams' successor in interest, yet she has failed to file the sworn affidavit

22  mandated by § 377.32.

23         As a result, all of Plaintiff's claims as the alleged successor in interest are

24  subject to dismissal unless and until she files the required affidavit in compliance

25  with the statute.

26

27

28

**B.      The Court Should Dismiss Sheriff Dicus as Duplicative and Redundant Because the Allegations Against Him are in his Official Capacity.**

Plaintiff's Claims Nos. 6-10 are brought against Sheriff Dicus solely in his official capacity as Sheriff of COSB. In each of these Claims, the alleged conduct was undertaken by Sheriff Dicus in the course and scope of his duties as Sheriff.

These claims are redundant and duplicative of the claims against the COSB. As the U.S. Supreme Court has held, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" itself, and "is not a suit against the official personally, for the real party in interest is the entity" (Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Therefore, the claims against Sheriff Dicus in his official capacity are, in effect, claims against the County, rendering his inclusion in this lawsuit unnecessary and redundant.

For instance, the Sixth Claim accuses Sheriff Dicus of wrongdoing related to hiring, training, supervising, and disciplining employees (Complaint, p. 33 ¶ 125). These are all actions performed as part of his role as Sheriff, i.e., in his official capacity. The Seventh Claim alleges a duty of care regarding the housing, medical care, welfare checks, and transportation of inmates (Complaint, p. 37 ¶ 139). These responsibilities, again, are clearly part of his official duties. The Eighth and Ninth Claims allege medical malpractice and failure to provide medical care by County-employed medical staff (Complaint, pp. 38-40). Although these claims do not directly involve Sheriff Dicus—there is no allegation that he provided medical care or was personally involved with the decedent—even if they did, any actions would still have been in his official capacity.

Finally, the Tenth Claim alleges misconduct by employees acting "within the course and scope of their employment" (Complaint, p. 41 ¶ 157). By definition, these actions are official in nature, not personal.

Case No. 5:24-cv-01447-KK-(SHKx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff has not made any allegations against Sheriff Dicus in his personal capacity. Therefore, the claims against him are redundant of the claims against the County of San Bernardino, and he should be dismissed from this lawsuit.

**C.    The Court Should Dismiss the Duplicative and Redundant Claims Against the San Bernardino Sheriff's Department Because It Is a Department of the County of San Bernardino.**

In Claims Nos. 4-5 and 7-10, Plaintiff asserts identical claims against both COSB and SBSD. However, "[c]ourts routinely dismiss police departments as duplicative defendants where the claims against a city and its police department arise from the same facts." *Mann v. City of Chula Vista*, 2020 U.S. Dist. LEXIS 178185, at *8 (S.D. Cal. Sept. 28, 2020) (collecting cases); see also *Herrera v. City of Sacramento*, 2013 U.S. Dist. LEXIS 109119, at *6 (E.D. Cal. Aug. 1, 2013) ("Because the Sacramento Police Department is a department of the City, it is redundant to name both.").

Here, SBSD is merely a department of COSB, and requiring both to continue as separate defendants in this case serves no purpose. Maintaining the claims against both entities would needlessly waste judicial resources and prolong litigation. For these reasons, the Court should dismiss all claims against SBSD as redundant.

**D.    The Fourth Claim Fails to Plausibly Allege *Monell* Liability Under a Theory of Unconstitutional Policies, Customs and Practices.**

To establish *Monell* liability, a plaintiff must show that the government's official policy or custom was the "moving force" behind the alleged injuries. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For a policy or custom to qualify as a "moving force" behind a constitutional violation, both causation-in-fact and proximate causation must be proven. *Palm v. L.A. Dep't of Water & Power*, 2015 U.S. Dist. LEXIS 86761, 2015 WL 4065087, at *2 (C.D. Cal. July 2, 2015) (citing *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008)). Specifically, there must be a "direct causal link between a municipal policy or custom and the

alleged constitutional deprivation." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). It is insufficient to merely claim that an existing program represents a policy for which the city is responsible. *Id.* at 957-58 (quoting *Canton*, 489 U.S. at 389).

Here, the plaintiff's allegations are conclusory and lack the necessary factual detail. They fail to provide specific facts, as opposed to legal conclusions, that establish their injuries resulted from "an expressly adopted official policy or a longstanding practice or custom" of the County of San Bernardino and the San Bernardino County Sheriff's Department. A custom or practice must be "so persistent and widespread that it constitutes a permanent and well-settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Liability for an improper custom cannot be based on isolated or sporadic incidents; instead, it must stem from practices that are sufficiently continuous and consistent that they have become a traditional method of carrying out policy. *Trevino*, 99 F.3d at 918. Furthermore, any policy alleged must be the "moving force" behind the constitutional violation, meaning it must be "closely related" to the ultimate injury. *City of Canton*, 489 U.S. at 391. To meet this standard, both causation-in-fact and proximate causation must be shown. *Palm*, 2015 WL 4065087, at *2.

Since *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts have consistently rejected conclusory *Monell* allegations that lack factual support from which one could plausibly infer liability. For instance, in *Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013), the court affirmed the dismissal of a *Monell* claim based solely on conclusory allegations devoid of factual content. Similarly, in *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011), the court dismissed *Monell* claims that lacked factual specificity, citing numerous cases with similar outcomes.

1    Additionally, to state a claim for a policy of inaction, plaintiff must show: (1)

2    the deprivation of a constitutional right; (2) the existence of a municipal policy; (3)

3    that the policy reflects "deliberate indifference" to the plaintiff's constitutional

4    rights; and (4) that the policy was the "moving force" behind the constitutional

5    violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Deliberate

6    indifference arises when the need for more or different training is so obvious that its

7    inadequacy is likely to result in constitutional violations. *City of Canton*, 489 U.S. at

8    390. Notably, a single incident of unconstitutional activity is insufficient to impose

9    municipal liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

10    In this case, Plaintiff has failed to identify any specific policies, practices, or

11    customs that could have contributed to the alleged harm. Their allegations are

12    general and conclusory, asking the Court to infer that unconstitutional policies must

13    have existed simply because of Mr. Adams's death. There is no identification of any

14    policies, practices, or customs of the COSB and SBSD, nor are there any allegations

15    setting forth facts sufficient to establish (i) what these policies are, and (ii) whether

16    they caused the plaintiff's injuries. *See X.R. v. Cty. of L.A.*, No. CV 20-3001-MWF-

17    MAA, 2020 U.S. Dist. LEXIS 200363, at *15 (C.D. Cal. July 20, 2020). Moreover,

18    the plaintiff contradicts her own assertions by later alleging that the officers did not

19    follow their training.

20    Plaintiff has not provided any specific allegations about where the deficient

21    policies can be found, nor have they explained how these alleged deficiencies

22    caused Mr. Adams's death. Plaintiff is seeking to impose liability on local

23    governments under § 1983 must prove that an "action pursuant to official municipal

24    policy" caused their injury, but plaintiff has failed to establish that any of their

25    conclusory allegations constitute actual policies of the COSB and SBSD.

26    In sum, Plaintiff has not plausibly alleged or identified specific practices,

27    customs, or policies that were the proximate or factual cause of a constitutional

28    violation. The allegations amount to nothing more than a formulaic recitation of the

10

MANNING | KASS

elements of a *Monell* claim, which is insufficient to state a plausible claim. *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012). Given the inadequacy of plaintiff's allegations, it is implausible that granting leave to amend would cure the defects in the *Monell* claim. Thus, the claim should be dismissed without leave to amend.

**E.      The Fifth Claim Fails to Plausibly Allege *Monell* Liability Under a Failure to Train Theory.**

Plaintiff's failure to train claim appears to rest solely on the unfortunate death of Mr. Adams, without further supporting allegations. This, however, is insufficient. Without additional facts beyond the mere elements of the Claim, the failure to train theory asks the Court to make unsupported inferences.

To establish Monell liability based on a failure to train, the Plaintiff must show that the failure constitutes "deliberate indifference." See *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference requires a showing that "the need for more or different action is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). The Supreme Court has noted that a municipality's liability is particularly tenuous in cases based on failure to train. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."); see also *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) (stating that a "policy" of inadequate training is "far more nebulous, and a good deal further removed from the constitutional violation" than the policies addressed in *Monell*).

Here, the Plaintiff's *Monell* claim fails because the Complaint does not plausibly allege that the County Defendants acted with deliberate indifference. Other than the death of Mr. Adams, the Complaint lacks any factual allegations that would support a plausible claim of failure to train.

**F.      Plaintiff's Sixth Claim for Supervisory Liability Fails to State a Claim Upon Which Relief can be granted.**

As previously established, the claim against Sheriff Dicus in his official capacity should be dismissed as redundant and duplicative.

Additionally, under § 1983, vicarious liability is not permissible, and the plaintiff must demonstrate that each supervisory defendant personally violated the Constitution through their own actions. The specific elements required to establish a claim for supervisory liability depend on the underlying constitutional violation alleged. See *Ashcroft v. Iqbal*, 556 U.S. 662, 675-77 (2009) (holding that a plaintiff must plead and prove that supervisors acted with discriminatory intent to state a claim for supervisory liability for invidious discrimination under the First and Fifth Amendments); *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011) (explaining that for a claim of unconstitutional conditions of confinement based on deliberate indifference, as opposed to unconstitutional discrimination, a plaintiff must show that the supervisor acted or failed to act in a manner that was deliberately indifferent to the inmate's Eighth Amendment rights to hold the supervisor liable for their own culpable actions).

Here, similar to the claim for failure to train, the Complaint offers no additional facts beyond Mr. Adams' death to plausibly support a claim of supervisory liability. Plaintiff is asking the Court to draw inferences that are unsupported by the facts presented. To infer supervisory liability based solely on the death of Mr. Adams stretches the allegations beyond what is reasonable.

For these reasons, the Sixth Claim should be dismissed.

**G.      Plaintiff's 7th Claim for Wrongful Death and 8th Claim for Medical Malpractice Fail To State Claims Upon Which Relief Can Be Granted.**

Plaintiff's Seventh and Eighth Claims ask this Court to draw conclusions that extend far beyond what is supported by the factual allegations in the Complaint. As previously noted, to survive a Rule 12(b)(6) motion to dismiss, a complaint must

12

1  contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

2  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint

3  fails to meet this standard.

4       The Complaint alleges that Mr. Adams died in custody from an attack by his

5  cellmate. However, it provides no further details or context surrounding his death,

6  presumably because those details do not support the claims. Crucially, it does not

7  allege any specific facts regarding the medical care, if any, that was provided or

8  denied to Mr. Adams. The Complaint does not assert that he died during medical

9  treatment, nor does it allege that medical care was withheld. Instead, it asks the

10  Court to assume that medical care was needed and not provided simply based on the

11  fact of his death. There is no allegation as to whether Mr. Adams was already

12  deceased when discovered, nor is there any factual allegation about the actual cause

13  of death aside from the beating by his cellmate.

14       Even if we assume, *arguendo*, that the Plaintiff had alleged facts sufficient to

15  support claims for wrongful death and medical malpractice, the claims are still

16  barred by statutory immunity under California law. Both the COSB and SBSD are

17  immune from state law negligence claims pursuant to California Government Code

18  Sections 844.6 and 855.6. Under Section 844.6, public entities in California are not

19  liable for tortious injury unless liability is expressly imposed by statute. See

20  *Castaneda v. Department of Corrections & Rehabilitation*, 212 Cal. App. 4th 1051,

21  1070 (2013). Additionally, Section 845.6 affirms that public entities are immune

22  from liability for the provision of medical care, and the exception to this rule does

23  not encompass claims based on medical negligence. Similarly, Section 855.6 shields

24  both public entities and their employees from liability for injuries caused by the

25  failure to perform a physical or mental examination. Cal. Gov't Code § 855.6.

26       Furthermore, the claims against Sheriff Dicus also fail. Government Code

27  Section 815(a) provides public employees with the same immunity afforded to

28  public entities in cases involving common-law torts. The allegations in the

13

1 Complaint relate to discretionary acts, which are expressly protected under
2 Government Code Section 820.2. This section states that a public employee is not
3 liable for an injury resulting from an act or omission made in the exercise of
4 discretion, regardless of whether that discretion was abused. Cal. Gov't Code §
5 820.2.

6    For these reasons, the Plaintiff's Seventh and Eighth Claims for wrongful
7 death and medical malpractice lack sufficient factual allegations and should be
8 dismissed.

**H.    Plaintiff's 9th Claim for Failure To Summon Medical Care Pursuant To Cal. Gov. Code § 845.6 Fails To State A Claim Upon Which Relief Can Be Granted.**

12    Plaintiff's Ninth Claim under Cal. Gov. Code § 845.6 overreaches. The duty
13 to summon medical care under this statute is narrow, applying only to serious and
14 obvious medical conditions requiring immediate attention. *Kinney v. Contra Costa*
15 *County* (1970) 8 Cal.App.3d 761, 770, 87 Cal.Rptr. 638.

16    To successfully state a claim under § 845.6, the plaintiff must allege facts
17 supporting three elements: (1) that the public employee knew, or had reason to
18 know, (2) of the need for immediate medical care, and (3) failed to reasonably
19 summon such care. *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (citing Cal.
20 Gov't Code § 845.6). The statute does not impose a duty to monitor or ensure the
21 quality of the medical care provided. *Watson v. State*, 21 Cal.App.4th 836, 843, 26
22 Cal.Rptr.2d 262, 265 (Ct.App.1993).

23    Under California law, once an inmate is receiving medical care, § 845.6 does
24 not create a duty to provide adequate or appropriate care. *Resendiz v. County of*
25 *Monterey*, No. 14-CV-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13,
26 2015) (citing *Watson v. State*, 21 Cal.App.4th 836, 841–43, 26 Cal.Rptr.2d 262
27 (1993)). Liability under § 845.6 arises only when a public employee fails to
28 summon medical care. The failure to provide additional treatment, or to ensure

14

1    further diagnosis, is not actionable under § 845.6. *Castaneda v. Dep't of Corr. &*
2    *Rehab.*, 212 Cal.App.4th 1051, 1072, 151 Cal.Rptr.3d 648 (2013). As the courts
3    have held, "once a prisoner is receiving medical care, prison employees are under no
4    further obligation under § 845.6." *Pajas v. County of Monterey*, No. 16-CV-00945-
5    LHK, 2016 WL 3648686, at *12 (N.D. Cal. July 8, 2016); see also *Castaneda*, 212
6    Cal.App.4th at 1070, 151 Cal.Rptr.3d 648 ("Section 845.6 is very narrowly written
7    to authorize a Claim against a public entity for its employees' failure to summon
8    immediate medical care only, not for an employee's malpractice in providing that
9    care.").

10        As with the previous Claims, Plaintiff invites the Court to infer too much
11    from the fact that Mr. Adam's was beaten to death by his cellmate, without offering
12    any additional factual context. The mere fact that the decedent died in custody does
13    not establish a claim for failure to summon medical care under § 845.6. There is no
14    allegation that County Defendants failed to check on the decedent, nor is there any
15    factual indication that medical services were required or involved. Simply put, the
16    Complaint does not allege sufficient facts to demonstrate that the County
17    Defendants failed to summon such care.

18        For these reasons, the Plaintiff's Ninth Claim should be dismissed.

## I.    Plaintiffs' Claim for a Violation of the Bane Act Fails to State a Claim Upon Which Relief Can Be Granted.

21        To establish a claim under the Bane Act, a plaintiff must demonstrate that the
22    officer acted with "specific intent" to violate their constitutional rights. See *Reese v.*
23    *Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); Cal. Civ. Code § 52.1.
24    Importantly, the "threat, intimidation, or coercion" element of a Bane Act claim
25    does not need to be distinct from the constitutional violation itself. *Id.* However, to
26    prove that an officer had the intent to violate an individual's rights, the plaintiff must
27    show that the officer "intended not only the force, but also its unreasonableness—its

28

15

MANNING | KASS

character as more than necessary under the circumstances." *Reese*, 888 F.3d at 1045 (internal citations omitted).

In this case, Plaintiff's allegations against the County Defendants fail to meet the required standard. The Complaint contains only conclusory assertions of intent, without any factual support to show that the County Defendants acted with the specific intent to violate Mr. Adams's rights. These bare allegations are insufficient to sustain a Bane Act claim. Accordingly, the County Defendants' motion to dismiss the Plaintiff's Tenth Claim for violation of the Bane Act should be granted.

## VI.    CONCLUSION

For the reasons outlined above, the County Defendants respectfully request that the Court grant their motion to dismiss the following claims: all Claims against the San Bernardino County Sheriff's Department (Claims 4-5, 7-10) as duplicative and redundant; all Claims against Sheriff Shannon Dicus (Claims 6-10) in his official capacity as duplicative of claims against the County of San Bernardino; and all Claims brought by Plaintiff in her capacity as successor in interest (Claims 1-2, 4-6, and 8-10) for failure to file the required affidavit under Cal. Civ. Proc. Code §

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

377.32. Additionally, the County Defendants request dismissal of Claims 4-10 for failure to state a claim upon which relief can be granted. As these deficiencies cannot be cured through amendment, dismissal should be granted without leave to amend.

MANNING | KASS

1  DATED:  October 15, 2024          **MANNING & KASS**
                                     **ELLROD, RAMIREZ, TRESTER LLP**
2

3

4                                    By:  _____/s/ David L. Fleck_____
5                                          Eugene P. Ramirez
                                           Kayleigh A. Andersen
6                                          David L. Fleck
                                           Attorneys for Defendants,
7                                          COUNTY OF SAN BERNARDINO,
8                                          SAN BERNARDINO COUNTY
                                           SHERIFF'S DEPARTMENT, and
9                                          SHERIFF SHANNON D. DICUS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF DAVID L. FLECK**

I, David L. Fleck, declare as follows:

I am an attorney duly admitted to practice before this Court. I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants, County of San Bernardino, San Bernardino County Sheriff's Office, and Sheriff Shannon D. Dicus (collectively, "County Defendants"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of County Defendants' Motion to Dismiss Plaintiff's Complaint.

On July 7, 2024, Plaintiff filed her complaint in this matter alleging multiple Claims against County Defendants. [Dkt. 1].

After Defendant County of San Bernardino received the complaint, I reviewed it and determined there were deficiencies therein that rendered the complaint vulnerable to a motion to dismiss.

Thereafter, Plaintiff's counsel Edwin S. Salguero and I met and conferred by videoconference on Monday, October 7, 2024, regarding the deficiencies in Plaintiff's complaint.

Unfortunately, we were unable to come to a resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on this 15th day of October 2024 at La Quinta, California.


David L. Fleck

_____

David L. Fleck

1

Case No. 3:24-cv-01687-W-BJC